sb

Ulysses Vondrell Johnson Jr.
FULL NAME

COMMITTED NAME (if different)

P. O. Box 8101
FULL ADDRESS INCLUDING NAME OF INSTITUTION

San Luis Obispo, CA 93409-8101

PRISON NUMBER (if applicable)

AV2571

```
┌─────────────────────────────────────────┐
│                              FILED       │
│                       CENTRAL DISTRICT COURT │
│                                          │
│  Received  12/3/18                       │
│              (Date)       DEC - 7 2018   │
│  Scanned at CMC and E-mailed  CENTRAL DISTRICT OF CALIFORNIA │
│  on  12/6/18  by  AA      BY:  RS  DEPUTY │
│        (Date)      (Initials)            │
│  Number of pages scanned:                │
│       25                                 │
└─────────────────────────────────────────┘
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PLAINTIFF, | CASE NUMBER 2:18-CV-10207-VBF-KK |
| | *To be supplied by the Clerk* |
| v. | |
| | CIVIL RIGHTS COMPLAINT |
| | PURSUANT TO *(Check one)* |
| DEFENDANT(S). | ☐ 42 U.S.C. § 1983 |
| | ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

### A. PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ☒ No

2.  If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:
Plaintiff _Ulysses ~~John~~ Vondrell Johnson Jr_

Defendants _California Department of Corrections and Rehabilitation_

b. Court _United States District Court Central District of California_

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

f. Issues raised: _____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes  ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes  ☐ No

   If your answer is no, explain why not _____

3. Is the grievance procedure completed? ☒ Yes  ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Ulysses Vondrell Johnson Jr_
(print plaintiff's name)

who presently resides at _California Men's Colony STATE Prison_
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
_California Men's Colony STATE Prison / San Luis Obispo County_
(institution/city where violation occurred)

on (date or dates) May 26, 2018 , May 26, 2018 , _____ .
                   (Claim I)        (Claim II)              (Claim III)

NOTE:   You need not name more than one defendant or allege more than one claim. If you are naming more than
        five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant C/O J. ROESSEER _____ resides or works at
                 (full name of first defendant)
     P.O Box 8101 San Luis Obispo, CA 93409-8101
     (full address of first defendant)
     Correctional Officer
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:
     when The Defendant Violated plaintiff's Civil Rights Denfendant was
     an Employee of California Men's Colony State Prison

2.   Defendant C/O J. Lewis _____ resides or works at
                 (full name of first defendant)
     P.O Box 8101 San Luis Obispo, CA 93409-8101
     (full address of first defendant)
     Correctional officer
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:
     when The Defendant violated plaintiff's Civil Rights Defendant was
     an Employee of California Men's Colony STATE Prison

3.   Defendant _____ resides or works at
                 (full name of first defendant)
     _____
     (full address of first defendant)
     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:
     _____
     _____
     _____

4. Defendant: Sgt R Siordia _____ resides or works at
(full name of first defendant)

P O Box 8101 San Luis Obispo, Ca 93409-8101
(full address of first defendant)

Correctional Seargent
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
When the Defendant violated plaintiffs civil rights defendants
was an employee at California Mens Colony State Prison

5. Defendant: Lt. Orijalva _____ resides or works at
(full name of first defendant)

P. O Box 8101 San Luis Obispo, Ca 93409-8101
(full address of first defendant)

Correctional Leutenant
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
When the Defendant violated plaintiffs civil rights defendant
was an employee at California Mens Colony State Prison

D. CLAIMS*

CLAIM I

The following civil right has been violated:

On May 26, 2018 plaintiff's 8th Amendment right to be protected against cruel and unusual punishment being inflicted. Defendants c/o J. Lewis And C/o J. Roesserr, Applied excessive force Maliciously and Intentionally And Sadistically for The very purpose of causing harm and used force with a knowing willingness That harm occur.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1) on 5-26-2018 I was Assulted At California Men's Colony STATE Prison, San Luis Obispo County, on Facility D-Quad on The yard Area.

2) I was Exiting Building 8, when Correctional Duty Sounded The Alarm for All Inmates to Get Down.

3) I was stopped In front of the mini Canteen store By C/o R. Day And I was told To put my hands Behind my Back, which I complied.

4) C/o J. Lewis And C/o J. Roesserr, was escorting Me to A holding cell.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

1) Injunctive Relief: All Officers who assaulted plaintiff be arrested and charged with assault with Great Bodily Injury and falsifying legal documents (i.e Perjury)

2) Compensatory Damages: Plaintiff be compensated for Physical and mental injuries in the amount of $10,000 per defendant

3) Monetary Damages: Plaintiff be awarded $100,000 per defendant for Deliberate Indifference for plaintiffs saftey and security

4) Punative Damages: Plaintiff seeks $ 2,500,000 for continual physical as well as mental suffering incurred during the incident.

12·3·18
_(Date)_

Ulysses Johnson
_(Signature of Plaintiff)_

"Claim I Supporting Facts Continued"

5) While C/O Lewis a C/O Roesser were escorting me to the holding cage from the mini canteen I was telling C/O Lewis and C/O Roesser "These cuffs are on too tight!"

6) C/O Lewis responded "Shut the fuck up if you know what is good for you."

7) C/O Roesser proceeded to slap me hard in the back of the head and shove my head down between my knees and made me walk the rest of the way to the holding cell.

8) I told the officers that my neck was hurting can he please let my head up but C/O Roesser told me to "Shut the Fuck up!"

9) When we reached the holding cage C/O Lewis open the cage and they both threw me into the holding cell, while I was still in cuffs.

10) My head slammed into the back of the cage because I had no way of protecting myself from the impact because my hands were still cuffed behind my back.

## Claim II

On May 26, 2018 Sgt R. Siordia and Lt. Grijalva retaliated against plaintiff. A viable claim of retaliation entals five basic elements (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that person's protected conduct, and that such action (4) chilled the inmates excercise of his First Amendment rights and (5) the action did not reasonably advance a legitimate correctional goal.

# "Claim II Supporting Facts Cont"

11) While in the holding cage Sgt R. Siordia and Lt Grijalva came to the cage to talk to me about what the issue was.

12) I explained to them my side of the incident and told both of them I was assaulted by the officers who escorted me.

13) Sgt Siordia and Lt. Grijalva told me that if I didn't write a complaint about the incident then they would let me out of the cage because "Mr. Johnson you really didn't do anything wrong."

14) I agreed and went back to my cell.

15) My head began hurting alot so I asked to go to the Medical window to get it looked at and have my vitals taken to make sure I was not suffering from a more serious injury.

16) I asked C/O Day to go to the Med window so I could check my injuries. C/O Day called the Sgt and then he put handcuffs on me and took me back down to the holding cell.

17) While in the holding cage the Sgt and the Lt came to me and informed me that I was going to Ad-Seg under investigation stemming from the incident they just released me from.

18) I asked "What is different now then just 10 min ago when you said I did nothing wrong?"

"Claim II Supporting Facts Cont"

19) Now their response was that "Since you are reporting your injuries to Medical staff we will have to investigate."

20) I asked them "If you already know I did nothing wrong why am I going to Ad-Seg?"

21) They said "It's procedure" and they walked away.

3. Do you own any cash, or do you have money in a checking or savings account? (Include any funds in prison accounts, if applicable.) ☐ Yes ☒ No

If the answer is yes, identify each account and separately state the amount of money held in each account for each of the *six (6) months prior* to the date of this declaration. _____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes ☒ No

If the answer is yes, describe the property and state its approximate value: _____

_____

5. In what year did you last file an Income Tax return? N|A _____

Approximately how much income did your last tax return reflect? N|A _____

6. List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support: N|A _____

_____

_____

I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury. I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C. Sections 1621, 3571).

California
_____
State

San Luis Obispo
_____
County (or City)

I, Ulysses Vondrell Johnson Jr _____, declare under penalty of perjury that the foregoing is true and correct.

12.3.18
_____
Date

Ulysses Vondrell Johnson Jr
_____
Plaintiff/Petitioner (Signature)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# THIRD LEVEL APPEAL DECISION

Date:       OCT 22 2018

In re:      Ulysses Johnson, AV2571
            California Men's Colony
            P.O. Box 8101
            San Luis Obispo, CA 93409-8101

       TLR Case No.: 1809929       Local Log No.: CMC-18-01723

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner G. Murphy, Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position Correctional Officer J. Lewis used inappropriate force on May 26, 2018. The appellant claims on the morning of May 26, 2018, when he was returning from the morning meal, he was instructed by staff to report to the D-Quad officers on the yard. The appellant asserts when he reported to the officers they confiscated his Rosary (religious personal property) so he complied and returned to his housing unit. The appellant alleges he requested to speak to the facility Sergeant; however, was interrupted by Correctional Officer R. Day who indicated he did not want the appellant speaking to the Sergeant. The appellant claims he ignored Officer Day's instruction and proceeded to the medication line. The appellant asserts as he approached the front of the mini canteen Officer Day activated alarm response procedures and ultimately placed the appellant in handcuffs. The appellant alleges when he questioned Officer Day about the harassment, Officer Day stated, "Because I can and I'm going to keep doing it." The appellant claims Officer Lewis then intervened and stated he would escort the appellant to a holding cell. The appellant asserts as Officer Lewis and another officer [identified during the appeal review process as Correctional Officer L. Roesser] escorted him to the holding cell Officer Lewis stated, "If [he] knew what was good for [him], [he] would keep [his] mouth shut." The appellant alleges the officers forcefully dragged him during the escort and then "threw [him] in the holding cell." The appellant claims he suffered injuries to his face and left eye as a result of being forced into the holding cell. The appellant asserts the officer's behavior and his mistreatment are a violation of his Constitutional rights. The appellant requests that the identified officers participate in a polygraph examination regarding the appeal allegations; that the appellant is provided copies of all documentation pertaining to the activation of the alarm on D-Quad on May 26, 2018; that the involved officers are provided additional training; and that the appeal allegations are properly investigated.

**II   SECOND LEVEL'S DECISION:** The Second Level of Review (SLR) identified and appropriately addressed the appellant's allegations of staff misconduct. The Reviewer documented an appropriate supervisory staff member was assigned to conduct an inquiry into this matter. The inquiry included a review of the evidence and an evaluation of the interview(s) conducted. In order to determine the facts, the inquiry also included a review of pertinent documents; and current procedures, policies, and laws. Due to the nature of the appellant's claims, a Use of Force Policy Allegation Review was conducted by the California Men's Colony (CMC) Institutional Executive Review Committee (IERC). The Reviewer noted that all staff personnel matters are confidential in nature, and that the appellant would only be notified whether the actions of staff were, or were not, in compliance with policy. The SLR found the accused staff member(s) did not violate policy as alleged. The SLR partially granted the appeal in that an inquiry was conducted.

**III  THIRD LEVEL DECISION:** Appeal is denied.

   **A.  FINDINGS:** The Third Level of Review (TLR) considered the submitted documentation and finds the appellant's allegations were appropriately reviewed and evaluated by administrative staff. The Examiner notes all staff personnel matters are confidential in nature and will not be disclosed to other staff, the inmate population, the general public, or the appellant. The appellant was informed that if the conduct of staff was determined to be out of compliance with policy, that the institution would take the

ULYSSES JOHNSON, AV2571
CASE NO. 1809929
PAGE 2

appropriate course of action. In this case, the SLR informed the appellant an Appeal Inquiry was completed, and disclosed the determination of the Inquiry to the appellant. The TLR reviewed the Confidential Appeal Inquiry and concurs with the determination of the SLR. Furthermore, the TLR has reviewed and evaluated the findings of the IERC, and concurs with their findings. The Examiner notes that, while the appellant has the right to submit an appeal as a staff complaint, requests for: administrative action regarding staff; the placement of documentation in a staff member's personnel file; official reprimands of staff; removal or reassignment of staff from a position; and/or requests for monetary compensation are beyond the scope of the inmate appeals process. The TLR finds that the institution's response complies with Departmental policy, and that the appellant's staff complaint allegations were properly addressed. Therefore, no further relief is warranted or provided at the TLR.

**B.   BASIS FOR THE DECISION:**
CCR: 3000, 3001, 3004, 3005, 3084, 3084.1, 3084.2, 3084.3, 3084.9, 3268, 3268.1, 3270, 3391

**C.   ORDER:**  No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.


G. MURPHY, Appeals Examiner
Office of Appeals

M. VOONG, Chief
Office of Appeals

cc:      Warden, CMC
          Appeals Coordinator, CMC

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 0?/??)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

1909929

AV2571

ONLY

Side 1

| Institution/Parole Region: | Log #: | Category |
|---|---|---|
| CMC-E 18 - 01723 | | 1 |

*FOR STAFF USE ONLY*

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance on the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Johnson, Ulysses | AV2571 | CTC B-025 | N/A |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

STAFF Misconduct

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): Dated on 5.26.18 At approximately 0715 hours, As I was Returning from The Dinning Hall, As I was Instructed by Building 8 first Floor OFFiceR to return to the D-yard OFFiceRs That were Located on The yard, when I Reach close Approximity of them OFFiceRs I was →

B. Action requested (If you need more space, use Section B of the CDCR 602-A): I Am Requesting That The following OFFiceRs who names were Stated, Including myself Be Examined By A Polygraph Test per ccr Title 15, And I Am Also Requesting All Documentation, for The time The Alarm went off on facility D-yard And Dully Noted

**Supporting Documents: Refer to CCR 3084.3.**

☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

(3) Medical's Report forms -7219          Rights And responsibility form

☐ No, I have not attached any supporting documents. Reason :

Inmate/Parolee Signature: Ulysses Johnson          Date Submitted: 5.28.18

☐ By placing my initials in this box, I waive my right to receive an interview.

MAY 29 2018
CMC APPEALS OFFICE
REC'BY OOA
JUL 12 2018

---

**C. First Level - Staff Use Only**          Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction).  Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter).  Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____  Date Assigned: _____  Date Due: _____

First Level Responder: Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____          Interview Location: _____

Your appeal issue is: ☐ Granted  ☐ Granted in part  ☐ Denied  ☐ Other:
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name)  Title: _____  Signature: _____  Date completed: _____

Reviewer: _____ (Print Name)  Title: _____  Signature: _____

Date received by AC: _____

| | AC Use Only |
|---|---|
| | Date mailed/delivered to appellant ____ / ____ / ____ |

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D.** If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

BYPASS

Inmate/Parolee Signature: _____ Date Submitted: _____

**E. Second Level - Staff Use Only**   Staff – Check One: Is CDCR 602-A Attached? ☒ Yes ☐ No

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review

Assigned to: **K. McQuaid**   Title: **AWL-III**   Date Assigned: **MAY 31 2018**   Date Due: **JUL 11 2018**

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: **06-14-18**   Interview Location: **FACILITY D PROGRAM OFFICE**

Your appeal issue is: ☐ Granted ☐ Granted in Part ☒ Denied ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: **R. VALENCIA**   Title: **LT (A)**   Signature: _____   Date completed **06-19-18**
(Print Name)

Reviewer: **J. GASTELO, WARDEN**   Title: _____   Signature: _____
(Print Name)

Date received by AC: **JUL 05 2018**

CMC APPEALS OFFICE

| AC Use Only | |
|---|---|
| Date mailed/delivered to appellant | **JUL 06 2018** ___/___/___ |

**F.** If you are dissatisfied with the Second Level response, explain reason below, attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

Im Dissatisfied with out come of the issues that should have been properly Addressed. My Constitutional Rights were Violated, 1st, 5th, 8th, And 14th Amendments. I have suffered Severe head tazine That is is documented. This Matter should Be taking Seriously. I Am A human Being not An Animal And Doesnt Deserve to be Abused And treated Like one. There IS A video Recording they DID I Request That you take A look

Inmate/Parolee Signature: **Ulysses Johnson**   Date Submitted: **7.8.18**

**G. Third Level - Staff Use Only**

This appeal has been:

☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)   Date: _____
☒ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted ☐ Granted in Part ☒ Denied ☐ Other: _____
See attached Third Level response.

| Third Level Use Only | |
|---|---|
| Date mailed/delivered to appellant | **OCT/23/2018** |

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because: State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____

Inmate/Parolee Signature: _____   Date: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

1809929

CMC-E 18-01723 7

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Johnson, Ulysses | AV2571 | CTC-B025 | |

**A.  Continuation of CDCR 602, Section A only** (Explain your issue): Instructed to hand over my religious Rosary, I followed instructions and went back to my tier officer C/o Cappelli and Asked him if he could call the Sgt. And ask him if I could speak with him After I receive my morning medication. I was stopped by C/o Day right before exiting building And asked where was I headed, I informed that I Asked my tier officer if I could speak with the Sgt. C/o Day stated that he didnt care And didnt want me to talk to the Sgt. I ignored him and proceeded to the medication line I took it in front of the Mini Canteen when C/o Day sound the Alarm, C/o Day handcuffed me, I asked him why does he feel the need toharass me everytime he sees me he stated "Because I can And Im going to keep doing it". C/o J. Lewis intervene And stated that he would escort me to the holding cell As we were in route to the holding cell C/o Lewis And Another officer who I dont recall stated That if I knew what was good for me I would keep my mouth shut, I stated "This is A violation of my first Amendment Constitutional Right, Freedom of speech And Expression" C/o Lewis stated "you think your tuff And him And the other officer forcefully drugged me And as we approached the holding cell they excessively threw me in the holding cell head first And my face hit the cage and busted the left side of my Eye open As you can see in all 5 or 6 of the Medical Report/7219 Form, This is cruel And unusual punishment. I Also have witness Mr. Nickerson - Cell B357 And a few others I need his Identifying for this staff misconduct That took place on D-Facility yard.

Inmate/Parolee Signature: Ulysses Johnson          Date Submitted: 5-28-18

**B.  Continuation of CDCR 602, Section B only** (Action requested): I would like to request that every Correctional officer That were involved be examined by A Polygraph And have Additional Training so that they be properly Adequately to deal with Mental-health patience, Also I want this To be taking As A Serious matter, This violates my 1st, 8th, 5th, 14th Amendment And I would like for this matter to be properly Investigated.

Inmate/Parolee Signature: Ulysses Johnson          Date Submitted: 5-28-18

MAY 29 2018
REC. BY OOA

JUN 12 2018

STAFF USE ONLY

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

BYPASS

Inmate/Parolee Signature: _____    Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

Inmate/Parolee Signature: Ulysses Johnson    Date Submitted: 7.5.18

Template Date 4/4/2012                                                   Attachment E-1

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date    :  June 19, 2018

To      :  JOHNSON, Ulysses (AV2571)
           Facility B, Cell 4291
           California Men's Colony (CMC)

Subject:  **SECOND LEVEL RESPONSE**
          **STAFF COMPLAINT RESPONSE - APPEAL LOG NUMBER CMC-E-18-01723**

**APPEAL ISSUE:**  In your appeal you allege on May 26, 2018,  California Men's Colony
(CMC), Facility D, Correctional Officer R. Day verbally harassed you.  You further allege
Correctional Officers J. Lewis and J. Roesser dragged and forcefully threw you into Facility D
Temporary Holding Cell (THC) # 5 causing a cut/abrasion above your left eyebrow.

All issues unrelated to the allegation of staff misconduct must be appealed separately and will
not be addressed in this response.  You do not exhaust administrative remedies on any
unrelated issue not covered in this response or concerning any staff member not identified by
you in this complaint.  If you are unable to name all involved staff you may request assistance
in establishing their identity.

**DETERMINATION OF ISSUE:**  A review of the allegations of staff misconduct presented in
the written complaint has been completed.  Based upon this review your appeal is being
processed as an Appeal Inquiry.

On June 15, 2018, Correctional Lieutenant (A) R. Valencia conducted a personal interview
with you concerning your allegations of misconduct by Officers Day, Lewis and Roesser
documented above.  You reiterated the allegations documented in your Inmate/Parolee
Appeal Form (CDCR 602) and stated you had no further information to add, therefore, the
interview was concluded.

Your appeal is partially granted in that the Appeal Inquiry is complete.  All issues have been
reviewed and all issues were adequately addressed.  The following witness was interviewed:

- Correctional Sergeant R. Siordia
- Crrectional Lieutenant B. Kirker
- Correctional Officer J. Cappalla
- Inmate Nickerson, James (G49529)
- Inmate Harris, William (P17060)

The following information was reviewed as a result of your allegations of staff misconduct:

- Review of Inmate/Parolee Appeal Form (CDCR 602) Log Number CMC-E-18-01723

- Review of California Code of Regulations (CCR), Title 15, Article 1, Section 3004(a)(b)
  *"Rights and Respect of Others."*

Attachment E-1

CMC Appeal Log Number CMC-E-18-01723
Second Level Response
Page 2 of 2

- Review of TeleStaff Assignment Roster dated May 26, 2018, Second Watch, 0600-1400 hours.
- Review of CDCR 128-B dated May 26, 2018
- Review of three (3) CDCR 7219's dated May 26, 2018
- Review of THC Log dated May 26, 2018
- Interview of Inmate JOHNSON, Ulysses
- Interview of Inmate Nickerson, James
- Interview of Inmate Harris, William
- Interview of J. Cappalla, Correctional Officer
- Interview of R. Siordia, Correctional Sergeant
- Interview of B. Kirker, Correctional Lieutenant
- Interview of R. Day , Correctional Officer
- Interview of J. Lewis, Correctional Officer

Staff did not violate CDCR policy with respect to the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.
- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.  A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review.  Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted

Print: _R. VALENCIA_   Sign: _____   Date: _6/19/18_
Interviewer

Print: _J. GASTELO_   Sign: _____   Date: _7-5-18_
Hiring Authority, Warden

STATE OF CALIFORNIA
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZEN' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| *Ulysses Jon* | | | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDCR NUMBER | DATE SIGNED |
| *Ulysses Johnson* | *Ulysses Johnson* | *AV2971* | *6·14·18* |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| *R. VALENCIA* | | *06-14-18* | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDCR 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR 128-B (10-05)

**NAME and NUMBER   JOHNSON, ULYSSES            AV-2571         RM:   8343**

On May 26, 2018, at approximately 0830 hours, I was informed by Facility D 08 FLR 3 Officer J. Cappalla that Inmate JOHNSON, Ulysses (AV-2571) had approached him and asked if he could have a band-aid and some cream for an abrasion over his left eye.   JOHNSON was escorted to the Facility D Program Office for interview and a Medical Report of Injury or Unusual Occurrence (CDCR-7219).   During the interview, I asked JOHNSON how he incurred the injury, to which he stated, "I don't know."  I asked JOHNSON if his injury had been caused by Staff or Inmates. JOHNSON responded, "No, it was not as a result of Staff or Inmates." I asked JOHNSON if he had any Enemy/Safety Concerns.  JOHNSON informed me he did not have Enemy/Safety concerns with Inmates or Staff and there was no reason why he could not safely program in the Facility D general population. Inmate JOHNSON, by your signature below, you acknowledge that the aforementioned information is correct and you have no Enemy/Safety concerns in the general population of California Men's Colony.

_Ulysses Johnson AV2571_
JOHNSON, ULYSSES (AV-2571)

_5-26-18_
DATE

ORIG      Case Records
          Inmate

R. SIORDIA, SGT.
Facility D Program Sergeant
California Men's Colony

DATE   05/26/2018    INFORMATIVE – NON-ENEMY/SAFETY CONCERNS    CMC    GENERAL CHRONO

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE
CDCR 7219 (Rev. 01/18)

Page 1 of 2

| NAME OF INSTITUTION | LOCATION OF EVALUATION | DATE |
|---|---|---|
| CNC | AD Prog Office | 5/08/18 |

REASON FOR REPORT  ☐ ALLEGATION   ☐ ON THE JOB INJURY   ☐ USE OF FORCE   ☐ INJURY   ☐ OTM RETURNS
☐ UNUSUAL OCCURRENCE   ☑ PRE AD/SEG ADMISSION   ☐ R&R   ☐ OTHER

| NAME  LAST | FIRST | CDCR NUMBER | PERNR / INST. ID # | VISITOR ID # (SOMS) |
|---|---|---|---|---|
| JOHNSON | ULYSSES | AV2571 | N/A | N/A |

| PLACE OF OCCURRENCE | DATE OF OCCURRENCE | TIME OF OCCURRENCE | TIME SEEN | RN NOTIFIED TIME | PHYSICIAN NOTIFIED TIME |
|---|---|---|---|---|---|
| AD | 5/08/18 | 0930 | 0931 | N/A | N/A |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"NO COMMENT"



| INJURIES FOUND? | YES / NO |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| Swollen Area | 10 |
| Skin | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Pre-Existing | 16 |
| Other | 17 |
|  | 18 |

Chemical Agent Exposure?   YES / NO
Chem. Agent Exposure Area   N/A   N/A EX.
Decontaminated w/ Water?   YES / NO REFUSED
Decontaminated w/ Air?   YES / NO REFUSED
Self-decontamination Instructions given?   YES / NO
Staff issued Exposure packet?   YES / NO
Q 15 min. check times   N/A

| Initial | 1st Check |
|---|---|
| JN | N/A |
| 2nd Check | Final |
| N/A | N/A |

TIME/DISPOSITION  RTC @ 0936

Right    Left

Front    Back

REPORT COMPLETED BY/TITLE (PRINT AND SIGN)
RT Ndanyanga Peter

| PERNR / INST. ID # | RDO's | ASSIGNMENT AREA |
|---|---|---|
| 80762 | M/T | AD Med Rm |

DFC MH 7 Completed 5/08/18 @ 0936

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE**
CDCR 7219 (Rev. 01/18)

Page 1 of 2

| NAME OF INSTITUTION | LOCATION OF EVALUATION | DATE |
|---|---|---|
| CMC | AHU Cell 7106 | 5-26-18 |

REASON FOR REPORT ☐ ALLEGATION ☐ ON THE JOB INJURY ☐ USE OF FORCE ☐ INJURY ☐ OTM RETURNS
☐ UNUSUAL OCCURRENCE ☐ PRE AD/SEG ADMISSION ☐ R&R ☒ OTHER Admit - Alt. Housing

| NAME | LAST | FIRST | CDCR NUMBER | PERNR / INST. ID # | VISITOR (ID #) (SOMS) |
|---|---|---|---|---|---|
| JOHNSON | | ULYSSES | AV2571 | N/A | N/A |

| PLACE OF OCCURRENCE | DATE OF OCCURRENCE | TIME OF OCCURRENCE | TIME SEEN | RN NOTIFIED TIME | PHYSICIAN NOTIFIED TIME |
|---|---|---|---|---|---|
| B-4 | 5-26-18 | | 18:50 | RN COONS 18:52 | N/A |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"Altercation with officers."

| INJURIES FOUND? | YES | NO |
|---|---|---|
| Abrasion/Scratch | | 1 |
| Active Bleeding | | 2 |
| Broken Bone | | 3 |
| Bruise/Discolored Area | | 4 |
| Burn | | 5 |
| Dislocation | | 6 |
| Dried Blood | 7 | |
| Fresh Tattoo | | 8 |
| Cut/Laceration/Slash | | 9 |
| Swollen Area | 10 | |
| Pain | | 11 |
| Protrusion | | 12 |
| Puncture | | 13 |
| Reddened Area | 14 | |
| Skin Flap | | 15 |
| Pre-Existing | | 16 |
| Other | | 17 |
| | | 18 |

Right

Left 1, 7, 14

Front 10

Back

| Chemical Agent Exposure? | YES / NO |
|---|---|
| Chem. Agent Exposure Area | N/A EX |
| Decontaminated w/ Water? YES / NO / REFUSED | N/A |
| Decontaminated w/ Air? YES /NO / REFUSED | N/A |
| Self-decontamination Instructions given? | YES / NO |
| Staff issued Exposure packet ? | YES / NO |

Q 15 min. check times

| Initial | 1st Check |
|---|---|
| N/A | N/A |
| 2nd Check | Final |
| N/A | N/A |

TIME / DISPOSITION Returned to AHU Cell 7106
18:54

| REPORT COMPLETED BY/TITLE (PRINT AND SIGN) | PERNR / INST. ID # | RDOs | ASSIGNMENT AREA |
|---|---|---|---|
| R. Nakyanzi LVN NAKYANZI | 81547 | W/TH | A-Quad S/M Relief Tu/F/Sa |

STATE OF CALIFORNIA
**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**
CDCR 7219 (Rev. 01/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| NAME OF INSTITUTION | LOCATION OF EVALUATION | DATE |
|---|---|---|
| CMC-E | D-Quad Program | 5-26-18 |

REASON FOR REPORT  ☐ ALLEGATION  ☐ ON THE JOB INJURY  ☐ USE OF FORCE  ☐ INJURY  ☐ OTM RETURNS
☑ UNUSUAL OCCURRENCE  ☐ PRE AD/SEG ADMISSION  ☐ R&R  ☐ OTHER

| NAME LAST | FIRST | CDCR NUMBER | PERNR / INST. ID # | VISITOR ID # (SOMS) |
|---|---|---|---|---|
| Johnson | Ulysses | AV2571 | N/A | N/A |

| PLACE OF OCCURRENCE | DATE OF OCCURRENCE | TIME OF OCCURRENCE | TIME SEEN | RN NOTIFIED TIME | PHYSICIAN NOTIFIED TIME |
|---|---|---|---|---|---|
| D-Program office | 5-26-18 | 0900 | 0902 | N/A | N/A |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"I have no comment."

| INJURIES FOUND? (YES/ NO) |
|---|
| Abrasion/Scratch 1 |
| Active Bleeding 2 |
| Broken Bone 3 |
| Bruise/Discolored Area 4 |
| Burn 5 |
| Dislocation 6 |
| Dried Blood 7 |
| Fresh Tattoo 8 |
| Cut/Laceration/Slash 9 |
| Swollen Area 10 |
| Pain 11 |
| Protrusion 12 |
| Puncture 13 |
| Reddened Area 14 |
| Skin Flap 15 |
| Pre-Existing 16 |
| Other 17 |
| 18 |

Chemical Agent Exposure? YES /NO
Chem. Agent Exposure Area N/A N/A
Decontaminated w/ Water? YES / NO / REFUSED
Decontaminated w/ Air? YES /NO / REFUSED
Self-decontamination Instructions given? YES /NO
Staff issued Exposure packet? YES /NO
Q 15 min. check times

| Initial N/A | 1st Check N/A |
| 2nd Check N/A | Final N/A |

REPORT COMPLETED BY (TITLE/PRINT AND SIGN)
S. Pelcher

| PERNR / INST. ID # | RDOs | ASSIGNMENT AREA |
|---|---|---|
| 83308 | W/T | D-Quad med floor |

CALIFORNIA MEN'S COLONY TEMPORARY HOLDING CELL LOG   ATTACHMENT A

DATE  5-26-18                                          HOLDING CELL #  5

INMATE  Johnson                    CDCR NUMBER  AU2571        CELL #  8343

LACEMENT ORDERED BY  Siordia
                        (PRINT SUPERVISOR'S NAME)                    (SIGNATURE)

REASON FOR PLACEMENT  pending interview       TIME PLACED IN HOLDING CELL 0751

STAFF PLACING INMATE IN HOLDING CELL  Roesler              A. Roesler
                                        (PRINT NAME)              (SIGNATURE)

                                        (PRINT NAME)              (SIGNATURE)

HOLDING CELL SEARCHED BY  Lewis
                            (PRINT NAME)                    (SIGNATURE)

RESULTS OF SEARCH  Negative results for contraband  ALT. CLOTHING ISSUED YES ____ NO X

1/W SUPERVISOR                2/W SUPERVISOR                3/W SUPERVISOR

(PRINT NAME)   (SIGNATURE)    (PRINT NAME)   (SIGNATURE)    (PRINT NAME)   (SIGNATURE)

THE INMATE WILL BE CHECKED _EVERY FIFTEEN MINUTES._ THE INMATE WILL BE OFFERED ACCESS TO WATER AND TOILET FACILITIES AT REASONABLE INTERVALS.

| TIME CHECKED | PRINT STAFF NAME | SIGNATURE | COMMENTS |
|---|---|---|---|
| 1  0805 | Roesler | | Calm |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |

STAFF RELEASING INMATE FROM HOLDING CELL  R. Day
                                           (PRINT NAME)              (SIGNATURE)

TIME RELEASED FROM HOLDING CELL  0805 _____ TOTAL TIME IN HOLDING CELL  14 MIN

CONTINUOUS MONITORING FOR MENTAL HEALTH REASONS: YES ____ NO X

RELEASED TO:  R. Day
                (PRINT NAME)                    (SIGNATURE)

COMMENTS ON INMATE'S BEHAVIOR/DISPOSITION _____

                    SUPERVISOR'S SIGNATURE UPON RELEASE OF INMATE
R. Siordia                                          Sgt.
(PRINT NAME)              (SIGNATURE)                (TITLE)

MANAGER APPROVAL OF FOUR (4) HOUR LIMIT IS EXCEEDED

(PRINT NAME)              (SIGNATURE)                (TITLE)

REASON FOR EXCEEDING LIMIT _____



CHIEF, OFFICE OF APPEALS
DEPARTMENT OF CORRECTIONS
AND REHABILITATION
P.O. BOX 942883
SACRAMENTO, CA 94283-0001

CONFIDENTIAL

5265

